# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30472
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISAAC SMITH, also known as Ike Smith,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CR-168-5

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Isaac Smith pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to possess one kilogram or more of heroin and two counts of use of a firearm during and in relation to the commission of a drug trafficking crime that resulted in death. Smith was sentenced to three consecutive terms of life imprisonment. He maintains that the district court improperly convicted and sentenced him pursuant to a plea agreement that was voided by his breach of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30472

its terms; he contends that the district court could not enforce a nullified plea agreement, and, if provided the opportunity, he would have sought to withdraw his plea and avoid sentencing under the agreement.

Because Smith did not raise his instant claims in the district court, our review is for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). To establish plain error, Smith must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects, and the parties do not dispute, that Smith violated the plea agreement. However, neither party requested the district court to find that the plea agreement – which the district court accepted – was breached or sought to have it voided. Rather, the Government kept its promises and afforded Smith the benefit of his bargain. While Smith contends that the Government could not continue with the plea agreement after his breach, he has offered no authority for the assertion that he – the breaching party – may demand that the plea agreement be voided and demand relief when the Government chooses to perform under the plea agreement. *But cf. Hentz v. Hargett*, 71 F.3d 1169, 1176 (5th Cir. 1996) (noting that failure of defendant to fulfill promises under plea agreement affords Government the right to relief); *United States v. Ballis*, 28 F.3d 1399, 1409-10 (5th Cir. 1994) (same). Thus, Smith has not shown that the district court clearly or obviously erred in allowing the Government to opt to perform. *See Puckett*, 556 U.S. at 135; *see also United States v. Miller*, 665 F.3d 114, 136 (5th Cir. 2011) (indicating that error was not plain where law in this court was unsettled and law in other circuits did not uniformly favor the defendant).

AFFIRMED.